UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER LEE OWENS,

    Plaintiff,

v.

                                                Case No. 3:23-cv-260-TJC-MCR

CONGLOBAL INDUSTRIES, LLC,

    Defendant.

## ORDER

Plaintiff, Roger Lee Owens, has sued his former employer. The initial complaint alleged violations of 42 U.S.C. §1981. Doc. 1 ¶3. Defendant Conglobal Industries, LLC, filed a Motion to Dismiss, Owens opposed, and the Court held a hearing on August 23, 2023. Docs. 6, 7, and 12. The Court granted the Motion to Dismiss without prejudice, allowing Owens to file an amended complaint, which he did on September 27, 2023. Docs. 13, 14. The amended complaint does not mention Section 1981 as the basis for jurisdiction, but instead relies on Title VII of the Civil Rights Act of 1964 for jurisdiction. Doc. 14 ¶3.

Conglobal again seeks dismissal, arguing among other things, that Owens failed to exhaust administrative remedies as required by Title VII, and had not pled necessary elements for a claim under Title VII, such as

identification of a protected characteristic or identification of a comparator.[1] Doc. 15.

For the reasons explained below, the Court will grant the Motion to Dismiss without prejudice and allow Owens to file a Second Amended Complaint.

## I. BACKGROUND

The amended complaint appears to allege two counts of disparate treatment under Title VII. Both appear to be for race discrimination, but that is not wholly clear. The first Count (labeled argument) largely repeats information from the complaint. It is clear Owens disputes the merits of a Performance Improvement Plan ("PIP") he received on January 11, 2023. Owens also complains he was not given an opportunity to be promoted and does not think he was properly compensated for his duties. The second Count complains about "additional disparate treatment" and mentions Owens' termination on August 17, 2023.

Owens cannot proceed with Title VII claims unless he has exhausted administrative remedies by filing a charge. There is no mention of filing an

---

[1] In general, it is not sufficient for Owens to identify himself as a minority, he must specifically identify how he is a member of a protected group. As discussed herein, identification of a comparator is required to establish a prima facie case of discrimination under the McDonnell Douglas test, but discrimination claims may also be established by direct evidence or a convincing mosaic of evidence indicating discrimination.

2

administrative charge, either with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, nor the Jacksonville Human Relations Commission.[2] In his opposition, Owens states he "has no intention of filing under Title 7" and appears to rely solely on Section 1981. Owens is correct that exhaustion of administrative remedies is not required for Section 1981 claims, but the amended complaint refers to the jurisdiction of Title VII and is not based on Section 1981.

Therefore, the amended complaint is due to be dismissed because it is based on Title VII and does not state Owens has exhausted his administrative remedies as required to pursue his Title VII claims. The amended complaint is also problematic because it is not clear what disparate treatment Owens is complaining about in Count I. For example, is the disparate treatment claim based on the PIP itself as an adverse employment action, the alleged improper compensation, or is there also a claim for failure to promote? Under either Title VII or Section 1981, each legal claim should be separately identified and have factual support.

---

[2] There are time limits to file a charge, which vary based on applicable law. Under Title VII in Florida, the charge must be filed within 300 days after the adverse employment action, such as termination. The 300 day limit does not apply to claims under state law and is subject to tolling or other legal principles which may impact the time limit for filing a charge.

3

## II. LEGAL STANDARDS

The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in Iqbal and Twombly. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III. DISCUSSION

### A. Title VII

The amended complaint relies on the jurisdiction of Title VII but fails to state a claim upon which relief can be granted. Among other problems, Owens has not alleged exhaustion of administrative remedies (filing a charge), specified how he is a member of a protected group, or clearly described the adverse employment action or disparate treatment that he is complaining about.

To establish a prima facie case of race discrimination, Owens must show:

> (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.

Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). To satisfy the

4

fourth element, the alleged comparator must be "similarly situated in all material respects." Lewis v. City of Union City, 918 F.3d 1213, 1224 (11th Cir. 2019). Even without a comparator, an employee can survive summary judgment by presenting enough circumstantial evidence, a "convincing mosaic," to create a triable issue as to discriminatory intent. Lewis v. City of Union City, 934 F.3d 1169, 1185 (11th Cir. 2019) (additional citations omitted).

Owens should be aware that filing a second amended complaint is viewed as a complete replacement for any prior complaint. It should be a "stand alone" filing that does not rely on any information in the initial or amended complaint, because those will be disregarded. The second amended complaint must contain all of Owens' (amended) allegations and should not in any way refer to the prior or amended complaint.

### B. Section 1981

The amended complaint alleges race discrimination under Title VII, but it appears Owens intended to allege violations of 42 U.S.C. §1981. To proceed under Section 1981, Owens must invoke the jurisdiction of Section 1981, but he has not done so in the amended complaint.

To recover under Section 1981, a plaintiff must demonstrate he is a member of a protected class and that he suffered intentional discrimination because of he is a member of a protected class and it affected him in the making and performance of a contract. See Jackson v. BellSouth Telecomm., 372 F.3d

5

1250, 1270 (11th Cir. 2004) (under Section 1981, plaintiff must establish (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more the activities enumerated in the statute). Section 1981 requires proof of intentional discrimination. Brown v. American Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991).

Similar to claims based on Title VII, a plaintiff can establish a prima facie case of discrimination using direct evidence of discrimination or by relying on circumstantial evidence to prove discriminatory intent. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004).

Accordingly, it is hereby

**ORDERED:**

1. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike Request for Punitive Damages, Doc. 15, without prejudice.

2. No later than **May 31, 2024**, Owens may file a second amended complaint.

3. Owens is cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Owens may obtain a

> copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

4. As a pro se plaintiff, Owens' filings are liberally construed. Nonetheless, Owens should not expect additional opportunities to amend his complaint in order to properly state a claim.

5. The Court **DENIES** Plaintiff's Emergency Motion to Expedite Case and Motion for Hearing to Set Case at Issue for Trial, Doc. 18.

**DONE AND ORDERED** in Jacksonville, Florida the 29th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record

7