# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROGER LEE OWENS,

    Plaintiff,

v.                                        Case No. 3:23-cv-260-TJC-MCR

CONGLOBAL INDUSTRIES, LLC,

    Defendant.

## ORDER

Plaintiff, Roger Lee Owens, has sued his former employer. The initial complaint was dismissed without prejudice after a hearing. Docs. 12, 13. The amended complaint was dismissed without prejudice. Doc. 19. Owens has filed a second amended complaint. Doc. 20. Defendant Conglobal Industries, LLC, has again filed a Motion to Dismiss and Owens has opposed. Docs. 21, 23. The second amended complaint corrects the jurisdictional concern by citing 42 U.S.C. § 1981, but does not address other problems previously identified, both in Conglobal's motions to dismiss, or the Court's prior orders.

**I.   STANDARD**

The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8, and explained further in Iqbal and Twombly. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Labels and legal conclusions, standing alone, are insufficient to state a valid cause of action. Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A court may determine allegations that are conclusions without factual support "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678.

**II. DISCUSSION**

The Second Amended Complaint relies solely on § 1981 for jurisdiction but discusses claims using Title VII concepts and framework. While § 1981 claims have standards similar to Title VII, § 1981 is different because it prohibits racial discrimination in making or enforcing contracts. To recover under § 1981, a plaintiff must show he is a member of a protected class, that he suffered intentional discrimination because he is a member of a protected class and it affected him in the making and performance of a contract. See Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1270 (11th Cir. 2004).

The gist of Owens' claim is that he was improperly terminated from his employment. Owens offers two types of support: (1) Conglobal's performance expectations were not reasonable and (2) there was a pattern of replacing minority employees with non-minority employees.

While Owens provides several details[1] as to why he thinks Conglobal's expectations were unreasonable or its assessment of his performance was incorrect, this type of allegation does not support a § 1981 claim. An employer may terminate someone for good or bad reasons, so long as they are not illegal reasons. See Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000). Owens "is not allowed to recast [Conglobal's] proffered nondiscriminatory reasons or substitute his business judgment for that of [Conglobal's]." Id. The Court will "not sit as a super-personnel department that reexamines an entity's business decisions." Id. Owens has expressed disagreement with his employer's performance expectations and assessment of his performance. This disagreement is insufficient to state a claim.[2]

There is not similar detail regarding the alleged pattern of replacing minority employees with non-minorities, and the lack of such detail is fatal.

---

[1] As one example of the detail provided, two areas for improvement in Owens' Performance Improvement Plan (PIP) involved profitability and mechanic productivity. Owens alleges profitability was negatively impacted by a mechanic on light duty unable to perform any work and mechanic productivity was negatively impacted by mechanic layoffs, but these conditions were not adequately considered. See Doc. 20 at 3-4.

[2] Arguably, Owens may also be claiming his PIP was an adverse employment action and the basis of a separate claim. Even so, the same reasoning prevents a claim on the PIP from moving forward because Owens has merely disagreed with the basis of the PIP. Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (noting an employee must do more than "quarrel[] with the wisdom" of its employer).

Owens offers mere conclusions, which are insufficient. For instance, Owens alleges three minority employees were laid off and were not offered their positions back, even though non-minorities were transferred in. No individuals (or their races) or positions involved are identified – either those laid off or those transferred in. Therefore, it is not clear minority employees were replaced with non-minorities. Even if these details were provided, they are not relevant to Owens' claim that he was improperly terminated and his race played a factor. There is no information about a comparator or replacement for Owens' position. Therefore, the § 1981 claim fails.

Owens' Second Amended Complaint, even read liberally, is largely premised upon disagreement with Conglobal's evaluation of his performance and not about his race. What allegations there are about race are wholly conclusory and insufficient. Having given Owens three opportunities to state a viable cause of action, further amendment would be futile and the Court must dismiss the case with prejudice.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. 21, is **GRANTED.** This case is **Dismissed with Prejudice**.

2. The Clerk is directed to close the file and terminate any pending motions or deadlines.

**DONE AND ORDERED** in Jacksonville, Florida the 21st day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

Roger Lee Owens
11416 Lumberjack Circle East
Jacksonville, FL 32223